NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-924

VINCENT DENUFRIO

vs.

MARY GRUE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Vincent DeNufrio (husband) appeals from a judgment of dismissal issued by a judge of the Probate and Family Court on his complaint for divorce from Mary Grue (wife).  He argues that the dismissal was erroneous because, as a matter of law, he met his burden of establishing two critical jurisdictional facts under G. L. c. 208, § 5:  that he was domiciled in the Commonwealth at the time he filed his complaint for divorce and that the cause of the divorce occurred here.  We vacate the judgment and remand for further proceedings on the jurisdictional issue.

Background.  It appears undisputed that the parties were married on July 7, 2011, and lived together in New Hampshire for

at least most of the duration of their marriage.  On November 4 or 5, 2024, the husband went to a Massachusetts hospital for surgery.  During the surgery, he suffered a severe stroke, and he has remained in Massachusetts ever since, spending significant time in the hospital before eventually relocating to an inpatient care facility.

On December 23, 2024, the husband filed a complaint for divorce, listing a home in Massachusetts as his residence, although he acknowledged that he had never lived in the home and remained in inpatient care at the time.  The wife subsequently moved to dismiss the action for lack of both subject matter and personal jurisdiction.[1]  She later submitted a supporting affidavit, which asserted numerous facts tending to show that she was domiciled in New Hampshire and that the husband was likewise domiciled there at least through November 4, 2024.  Her affidavit also stated that the husband "has been a legal resident of the State of New Hampshire since at least 2009" and

---

[1] Although the parties' arguments below focused on subject matter jurisdiction, and so we focus on it here, the judge's endorsement allowing the motion to dismiss leaves it unclear whether she based her ruling on subject matter jurisdiction or personal jurisdiction.  On remand, she is free to rely on any proper ground.  The wife's motion also mentioned improper venue as a third ground for dismissal, but the wife did not argue the point below or on appeal.

that he had no fixed or permanent address in the Commonwealth as of the date he filed the complaint.

The husband filed a written opposition in which he asserted that he has deep connections to Massachusetts and had made the decision to remain here permanently after his stroke, an intention that he had made known to those around him. He further asserted that the wife financially took advantage of his medical condition and abandoned him, and that these acts -- which caused the irretrievable breakdown of the marriage -- occurred during and through the wife's contacts with Massachusetts. None of those assertions, however, were supported by any affidavit. Attached to the husband's opposition were screenshots of text messages between the wife and the husband's son by a previous marriage.

The judge held a hearing on the motion. Although the parties themselves were under oath, the judge did not hear testimony from nor ask questions of either spouse. Thus, the only evidence before the judge was the wife's affidavit and the text messages submitted by the husband. The judge allowed the wife's motion "after hearing and upon review of the parties['] submissions" and ordered the judgment of dismissal from which the husband now appeals.

Discussion. As relevant here, Massachusetts has subject matter jurisdiction over a divorce "if the plaintiff is

domiciled within the commonwealth at the time of the commencement of the action and the cause occurred within the commonwealth." G. L. c. 208, § 5. Because the wife moved pursuant to Mass. R. Dom. Rel. P. 12 (b) (1) to dismiss the complaint for lack of subject matter jurisdiction, and supported her motion with an affidavit, the burden fell to the husband to prove these jurisdictional facts. See Caffyn v. Caffyn, 441 Mass. 487, 491 (2004); Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 515-516 (2002); Hladik v. LPL Fin. LLC, 106 Mass. App. Ct. 592, 595 (2026). See also Lay v. Lowell, 101 Mass. App. Ct. 15, 22 (2022) (domicil is mainly question of fact).

"Under this 'factual challenge' to jurisdiction, 'the plaintiff's jurisdictional averments [in the complaint] are entitled to no presumptive weight [and] the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties.'" Hiles, 437 Mass. at 516, quoting Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). See Hladik, 106 Mass. App. Ct. at 595.[2] Likewise,

---

[2] The husband argues that to survive the wife's motion to dismiss, he was required only to make a prima facie showing, i.e., merely to offer evidence that, if credited, was sufficient to establish jurisdiction. For this proposition he relies on a personal jurisdiction case, Cepeda v. Kass, 62 Mass. App. Ct. 732, 736-739 (2004). Assuming without deciding that that principle applies here, the problem for the husband remains, as discussed herein, that he offered little if any evidence that could support a finding in his favor on either jurisdictional fact. We add that, contrary to the husband's assertion, Cepeda

4

bare assertions made in an opposition to a motion to dismiss, without supporting evidence, do not suffice to meet the nonmoving party's burden.  Cf. Barron Chiropractic & Rehabilitation, P.C. v. Norfolk & Dedham Group, 469 Mass. 800, 804 (2014) (bare assertions in opposition to summary judgment motion do not establish genuine issue of material fact).

For the husband to have defeated the motion to dismiss, he was required, at a minimum, to offer evidence sufficient to support findings that (1) he was domiciled in the Commonwealth at the time he filed the complaint and (2) the breakdown of the marriage occurred here.  The judge did not specify which of these points the husband had failed to establish.

Arguably, the evidence was insufficient on both points. While the husband made numerous factual arguments in his opposition, he did not support those bare assertions with evidence, such as affidavits from himself or his children, or testimony at the hearing.  Nor has he argued that he was denied the opportunity to present evidence.  Thus, there may be no evidence at all that the husband was domiciled in the Commonwealth.  And, although the husband argues that the text messages between his son and the wife reflected the reasons for

_____

was not a case where the jurisdictional facts were "uncontested."  See id. at 736 ("In the present case, the facts material to the question of personal jurisdiction have been controverted by the defendant").

5

the breakdown of the marriage, it was far from clear that the son had communicated any of the wife's statements to the husband so as to contribute to a conclusion by the husband that "the[] marriage is over and there is no hope of reconciliation." Caffyn, 441 Mass. at 495.[3]

In the circumstances, however, we think the fairest approach is to vacate the judgment of dismissal and remand so that the judge may make express findings on the basis for her jurisdictional determination. Upon timely request after the docketing of the rescript in the trial court, the parties shall be permitted to submit additional evidentiary materials on the issue and, if necessary, the judge shall hold an evidentiary hearing.

Conclusion.[4] The judgment of dismissal dated May 23, 2025, is vacated. The matter is remanded to the Probate and Family

---

[3] The messages may permit the inference that the wife was in New Hampshire and the husband and his son were in Massachusetts at the time the wife sent the messages to the son, but it is not obvious from the messages themselves "that the marriage became irretrievably broken in Massachusetts." Caffyn, 441 Mass. at 496.

[4] The wife's request for appellate attorney's fees is denied.

6

Court for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Rubin, Sacks & Smyth, JJ.[5]),

Clerk

Entered:  July 23, 2026.

---

[5] The panelists are listed in order of seniority.